SPECTOR, Judge.
The judgments of conviction and sentences imposed thereon upon jury verdicts finding appellants guilty of the charge of breaking and entering with intent to commit grand larceny are affirmed on authority of Hoover v. State, 212 So.2d 95 (Fla.App.1968).
Upon imposition of sentences, appellants were ordered to pay prosecution costs in the amount of $150.00 or in default thereof, it was ordered that they serve six months in jail in addition to the fifteen-year sentences imposed. Both defendants were adjudged insolvent by the court below, both for the purposes of trial and appeal, in consequence whereof they were represented by the public defender at trial and in the instant appellate proceeding.
The United States Supreme Court in Williams v. Illinois, 399 U.S. 235, 90 S. Ct. 2018, 26 L.Ed.2d 586 (1970), held that the equal protection provision of the federal constitution was contravened where an indigent defendant was required to remain in jail because he had no money to pay a fine or court costs. While the decision in the Williams case, supra, was rendered approximately one month subsequent to the entry of the judgment in this cause and therefore was unavailable for the guidance of the trial court at the time the judgment of the default sentence was entered, it is our view that the ruling in the Williams case is nonetheless controlling. The showing of indigency on the part of these appellants for the purpose of qualifying them for representation by the public defender vitiates any need to remand this case for a separate evidentiary hearing on the question of the indigency of these appellants and would only serve to further deplete the *707 limited funds available for such purposes. Accordingly, the suggestion by the State that this cause be remanded for an eviden-tiary hearing on the indigency question is rejected.
On authority of Williams v. Illinois, supra, the portion of the judgment entered in the trial court requiring these appellants to serve six months in jail in default of payment of the court costs is reversed and vacated. In all other respects, the judgments of conviction and fifteen-year sentences imposed thereon are affirmed.
Affirmed in part and reversed in part.
JOHNSON, C. J., and CARROLL, DONALD K., J., concur.